UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16cv537-FDW

| | |
|---|---|
| MARCUS A. CARTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FRANK L. PERRY,[1] ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner Marcus A. Carter's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1).

**I.    BACKGROUND**

Petitioner is a prisoner of the State of North Carolina who, on September 10, 2014, was convicted by a Gaston County Superior Court jury of taking indecent liberties with a child and disseminating obscene literature. (Pet. 1-2, Doc. No. 1.) He was sentenced to 36-53 months imprisonment for the first offense and 11-23 months imprisonment for the second.

On November 20, 2014, Petitioner filed a motion for appropriate relief ("MAR") in the Gaston County Superior Court; it was denied on December 2, 2014. (Pet., supra, at 3.) On September 8, 2015, Petitioner filed a petition for writ of certiorari in the North Carolina Court of appeals seeking review of the denial of his MAR. See State's Resp. to Pet. for Writ of Certiorari, State v. Carter, No. P15-691, at 1 (N.C. Ct. App. filed Sept. 23, 2015), available at North

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that a Petition for Writ of Habeas Corpus name the person who has immediate custody of the petitioner as the respondent in the action. Id., 28 U.S.C. folio § 2254. Consistent with Rule 2(a), Frank L. Perry, Secretary of the Department of Public Safety, has been substituted for North Carolina Attorney General Roy Cooper as Respondent in this action.

1

Carolina Supreme Court and Court of Appeals Electronic Filing Site and Document Library, https://ncappellatecourts.org/. It was denied on September 28, 2015. (Pet., supra, at 6.)

Petitioner filed the instant habeas Petition in this Court on June 23, 2016 when he signed and placed it in the prison mailing system. (Pet., supra, at 14.) On July 8, 2016, the Clerk of Court mailed Petitioner a notice of deficiency providing him 21 days to either file an application to proceed without prepayment of fees and affidavit of indigency or pay a filing fee of $5.00. (Doc. No. 2.) The Clerk received Petitioner's $5.00 filing fee on August 1, 2016.

## II. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

Judgment was entered in this case on September 10, 2014, when Petitioner was sentenced. Petitioner had 14 days to file a notice of appeal in the North Carolina Court of

2

Appeals. See N.C. R. App. P. 4(a)(2). Because he did not file a direct appeal, Petitioner's conviction became final on or about September 24, 2014, when the time for seeking direct review expired. See § 2244(d)(1)(A).

The federal statute of limitations then ran for 47 days until Petitioner filed his MAR on November 20, 2014. The limitations period was tolled at least until December 2, 2014, when the court denied Petitioner's MAR. Petitioner's September 8, 2015 certiorari petition filed in the North Carolina Court of Appeals may not have tolled the statute of limitations period. The statute of limitations is tolled only while a properly filed application for post-conviction relief is pending in state court. See § 2244(d)(2). It appears that Petitioner's certiorari petition was untimely, and, therefore, not "properly filed."

North Carolina law does not require that a certiorari petition in the court of appeals be filed within a specific time period in non-capital cases, but instead provides that such a petition must be filed "without unreasonable delay." N.C. R. App. P. 21(e). When confronted by a similar California law, the United States Supreme Court held that in the absence of guidance from the state, the federal court "must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what [the state] would consider a 'reasonable time.'" 546 U.S. 189. 198 (2006).

In North Carolina, the time for filing appeals in civil cases is thirty days; in criminal cases it is fourteen days. N.C. R. App. P. 3(c) & 4(a). The largest amount of time to seek appellate review is sixty days, and it is reserved for post-conviction appellate review of death penalty cases. N.C. R. App. P. 21(f). The United States District Court for the Middle District of North Carolina has held that "it is unlikely North Carolina would interpret N.C. R. App. P. 21(e) to extend beyond thirty days, except perhaps for brief, limited periods in very unusual

3

circumstances[.]" McConnell v. Beck, 427 F. Supp. 2d 578, 582 (M.D.N.C. 2006).

This Court need not adopt such a specific holding here. Petitioner waited nine (9) months after his MAR was denied before filing his petition for writ of certiorari in the North Carolina Court of Appeals. In similar situations, the North Carolina Court of Appeals has denied certiorari review, in whole or in part, because the delay was unreasonable. See e.g. In re L.R., 699 S.E.2d 479 (N.C. Ct. App. 2010) (finding ten-month delay between adjudication order and filing of certiorari petition unreasonable); State v. Coxton, COA15-575-2, 2016 WL 4091181, at *1–2 (N.C. App. Aug. 2, 2016) (declining to grant certiorari petition in part because it was sought more than eight months after entry of judgment) (unpublished). If the pendency of Petitioner's certiorari petition did not toll the statute of limitations, his one-year period to file a timely federal habeas petition expired on October 16, 2015, 318 days after his MAR was denied and eight months before he filed the instant habeas Petition. See § 2244(d)(1)(A

Petitioner has not provided an explanation for the delay in filing his certiorari petition in the state appellate court or addressed the timeliness of the instant Petition. Therefore, the Court will provide him 20 days to explain why the instant § 2254 habeas petition should not be dismissed as untimely, including any reasons why equitable tolling should apply. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

## III.     ORDER

**IT IS, THEREFORE, ORDERED** Petitioner shall, within 20 days from service of this Order, file a document explaining why his § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely. If Petitioner does not file an explanation within 20 days from service of this Order, the petition may be dismissed without further notice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Frank L. Perry for Roy Cooper as Respondent in this matter.

Signed: September 9, 2016

Frank D. Whitney
Chief United States District Judge