UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16cv537-FDW

| | |
|---|---|
| MARCUS A. CARTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FRANK L. PERRY, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court upon Petitioner Marcus A. Carter's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1).

### I. BACKGROUND

Petitioner is a prisoner of the State of North Carolina who, on September 10, 2014, was convicted by a Gaston County Superior Court jury of taking indecent liberties with a child and disseminating obscene literature. (Pet. 1-2, Doc. No. 1.) He was sentenced to 36-53 months imprisonment for the first offense and 11-23 months imprisonment for the second.

On November 20, 2014, Petitioner filed a motion for appropriate relief ("MAR") in the Gaston County Superior Court; it was denied on December 2, 2014. (Pet., supra, at 3.) On September 8, 2015, Petitioner filed a petition for writ of certiorari in the North Carolina Court of appeals seeking review of the denial of his MAR. See State's Resp. to Pet. for Writ of Certiorari, State v. Carter, No. P15-691, at 1 (N.C. Ct. App. filed Sept. 23, 2015), available at North Carolina Supreme Court and Court of Appeals Electronic Filing Site and Document Library, https://ncappellatecourts.org/. It was denied on September 28, 2015. (Pet., supra, at 6.)

Petitioner filed the instant habeas Petition in this Court on June 23, 2016 when he signed

1

and placed it in the prison mailing system. (Pet., supra, at 14.) The Court notified Petitioner that his habeas Petition appeared to be untimely under 28 U.S.C. § 2244(d)(1)(A) and provided him an opportunity to explain why it should not be dismissed as such. (Doc. No. 3.) Petitioner subsequently filed a response to the Court's Order. (Doc. No. 4.)

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which directs district courts to dismiss habeas petitions when it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254. In conducting its review under Rule 4, the court "has the power to raise affirmative defenses sua sponte," including a statute of limitations defense under 28 U.S.C. § 2244(d). Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). The court may dismiss a petition as untimely under Rule 4, however, only if it is clear that the petition is untimely, and the petitioner had notice of the statute of limitations and addressed the issue. Id. at 706–707.

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. § 2244(d)(1)A).[1] The limitations period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

---

[1] There are three other possible start dates for the statute of limitations, § 2244(d)(1)(B), (C), or (D), none of which applies here.

2

Judgment was entered in this case on September 10, 2014, when Petitioner was sentenced. Petitioner had 14 days to file a notice of appeal in the North Carolina Court of Appeals. See N.C. R. App. P. 4(a)(2). Because he did not file a direct appeal, Petitioner's conviction became final on or about September 24, 2014, when the time for seeking direct review expired. See § 2244(d)(1)(A).

The federal statute of limitations then ran for 57 days until Petitioner filed his MAR on November 20, 2014. The limitations period was tolled until December 2, 2014, when the court denied Petitioner's MAR.

The federal statute of limitations is tolled only while "a properly filed application for State post-conviction or other collateral review is pending." § 2244(d)(2). (Order 3.) "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that the filing of the notice of appeal is timely under state law*." Evans v. Chavis, 546 U.S. 189, 141 (2006) (citing Carey v. Saffold, 536 U.S. 214 (2002)) (emphasis added). North Carolina is unusual, but not unique, see Saffold, 536 at 219, in that the equivalent of a collateral appeal – a petition for writ of certiorari – must be filed without "unreasonable delay," see N.C. Rule App. P. 21(c) (2009). The Supreme Court has instructed that, "[]i]n the absence of (1) clear direction or explanation from the [state appellate court] about the meaning of the term ['unreasonable delay'] in the present context, or (2) clear indication that a particular request for appellate review was timely or untimely," the federal habeas court must itself examine the delay and determine what the state courts would have held in respect to timeliness. Chavis, 546 U.S. at 198.

In its Order notifying Petitioner that his § 2254 Petition appeared to be untimely, the Court specifically drew attention to the fact that Petitioner did not file a petition for writ of

3

certiorari in the North Carolina Court of Appeals until September 8, 2015, and provided him an opportunity to explain the delay. (Order 3-4, Doc. No. 3.) In his Response, Petitioner states: "I was notified that my petition was received late. By my calculations, I responded by the date I received the notice. Due to mail time, the days were miscalculated. I would ask that you please consider not cancelling my petition." (Pet'r's Resp., Doc. No. 4.) Petitioner's Response, such as it is, does not explain why it took him nine months after his MAR was denied to file his petition for writ of certiorari in the North Carolina Court of Appeals.

The Court concludes that the North Carolina Court of Appeals would have found Petitioner's September 8, 2015 petition for writ of certiorari untimely. See e.g. In re L.R., 699 S.E.2d 479 (N.C. Ct. App. 2010) (finding ten-month delay between adjudication order and filing of certiorari petition unreasonable); State v. Coxton, COA15-575-2, 2016 WL 4091181, at *1–2 (N.C. Ct. App. Aug. 2, 2016) (declining to grant certiorari petition in part because it was sought more than eight months after entry of judgment) (unpublished). The fact that the North Carolina Court of Appeals apparently denied the certiorari petition, rather than dismissing it, is not dispositive evidence to the contrary. See Chavis, 546 U.S. at 194. As the Supreme Court observed in Saffold, a court,

> will sometimes address the merits of a claim that it believes was presented in an untimely way: for instance, where the merits present no difficult issue; where the court wants to give a reviewing court alternative grounds for decision; or where the court wishes to show a prisoner (who may not have a lawyer) that it was not merely a procedural technicality that precluded him from obtaining relief.

536 U.S. at 225–226; see also, Allen v. Mitchell, 276 F.3d 183, 186–87 (4th Cir. 2001) ("Allen's petition was not dismissed as untimely. It does not follow, however, that there was no 'unreasonable delay' under Rule 21(c); the court of appeals may simply have opted to 'excuse[ ] the untimeliness as a matter of state law and rule[ ] on the merits.'") (quoting Fernandez v.

4

Sternes, 227 F.3d 977, 979-81 (7th Cir. 2000))).

Because it was untimely, Petitioner's certiorari petition in the North Carolina Court of Appeals was not "properly filed" and could not toll the federal statute of limitations. See § 2244(d)(2). Consequently, his one-year period to file a timely federal habeas petition expired on or about October 6, 2015, 308 days after his MAR was denied. See § 2244(d)(1)(A). As such, the § 2254 habeas Petition is untimely under § 2244(d)(1)(A).[2]

**IT IS, THEREFORE, ORDERED** that the Petition for Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: June 6, 2017

Frank D. Whitney
Chief United States District Judge

---

[2] Petitioner has put forth no argument or reason that the statute of limitations should be equitably tolled. See Holland v. Florida, 560 U.S. 631, 649 (2010).